UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TIFFANY CHUBB, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | 1:12-cv-01270-RLY-MJD |
| PATRICK R. DONAHOE, Postmaster United ) | |
| States Postal Service, ) | |
| ) | |
| Defendant. ) | |

**ENTRY ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Tiffany Chubb, alleges that while working for the U.S. Postal Service, her manager, Kenneth Banks, sexually harassed her. As a result, Plaintiff filed suit under Title VII against her employer. Ms. Chubb provides evidence of inappropriate comments in addition to instances of inappropriate touching. Defendant, Partrick R. Donahoe, as Postmaster of the United States Postal Service, moves for summary judgment arguing that Ms. Chubb fails to show that the harassment was severe or pervasive enough to create a hostile workplace. For the reasons set forth below, Defendant's motion is **DENIED**.

**I.     Background**

Plaintiff began working for the U.S. Postal Service in 1999. (Affidavit of Tiffany Chubb ("Chubb Aff.") at ¶ 3). On May 29, 2010, Ms. Chubb transferred to the Lawrence Branch where Kenneth Banks was the manager. (*See id*. at ¶¶ 6, 7). That day, Mr. Banks took Ms. Chubb by the hand, looked her up and down, and commented, "Oooo. . . we've

1

been waiting on you." (*Id.* at ¶¶ 11-14).  He then proceeded to lead her by the hand into his office where he walked around her, looking her up and down. (*Id.*).

Every day that Mr. Banks worked with Ms. Chubb he would make comments such as "good morning beautiful"; "hi sweetheart"; "hi cutie"; "how much you cost?"; "can you put lip gloss on for me?"; "can you be my girl?"; "Don't get too skinny on me"; "I want to look – I want you to be my girl"; "I want to look at somebody with curves" ; "ooh, you're looking good today" ; "if I was like I used to be, I would have you" ; "Do you have a boyfriend?"  (Deposition of Tiffany Chubb ("Chubb Dep.") at 95:8-22, 118:9-17). He made grunting or moaning noises when saying these comments. (Chubb Aff. ¶ 20).

In addition, Mr. Banks would rub against Ms. Chubb every day they worked together, and at times, she could feel his belt buckle or his chest against her. (*Id.* at ¶¶ 22-24).  In August or September of 2010, Mr. Banks put his hand along with a twenty dollar bill in her back pocket and said "Oh, I'm all up in there, girl." (*Id.* at. ¶ 30; Chubb Dep. 114:1-8).  After a death in her family, he rubbed his hand up her back and then got up to run his hands through her hair. (*Id.* at ¶ 35).  On two other occasions, he reached under her desk and rubbed her leg. (*Id.* at ¶ 36).  A co-worker, Michelle Smith, noted that Mr. Banks treated Ms. Chubb differently than the other employees. (*Id.* at ¶ 37; Affidavit of Michelle Smith ("Smith Aff.") ¶¶ 7-10).  He insisted on knowing where she was at all times, called her into his office daily, and made her report to him rather than her direct supervisor. (*Id.*).

Ms. Chubb, who has suffered from depression, missed considerable amounts of work. (Chubb Aff. ¶¶ 2, 5).  As a result of the alleged harassment, Ms. Chubb's depression

worsened. (*Id.*. at ¶ 8). Ms. Chubb began missing more work so that she would not have to be around Mr. Banks. (*Id.* at ¶ 28). In fact, during the period of the alleged harassment, Ms. Chubb was scheduled one-hundred seventy-one (171) days, and only worked seventy-three (73), twenty-four (24) of which were for less than eight (8) hours. (Declaration of Idala Strouse Gasser, U.S. Post Office Paralegal, at ¶ 8). Ms. Chubb indicates that she could no longer work as of March 2011. (Chubb Aff. at ¶ 9). She has not returned to work since then, (Defendant's Statement of Material Facts ¶ 36), and has been granted work related disability benefits. (Chubb Aff. ¶ 10).

**II.     Standard**

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Summary judgment is appropriate if the record "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed R. Civ. P. 56(a). A genuine issue of material fact exists if there is sufficient evidence for a reasonable jury to return a verdict in favor of the non-moving party on the particular issue. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

On a motion for summary judgment, the burden rests with the moving party to demonstrate "that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). After the moving party demonstrates the absence of a genuine issue for trial, the responsibility shifts to the non-movant to "go beyond the pleadings" and point to evidence of a genuine factual dispute precluding

summary judgment. *Id*. at 322-23. "If the non-movant does not come forward with evidence that would reasonably permit the finder of fact to find in her favor on a material question, then the court must enter summary judgment against her." *Waldridge v. Am. Hoechst Corp*., 24 F.3d 918, 920 (7th Cir. 1994) (citing *Matsushita Elec. Indus. Co.*, 475 U.S. at 585-87); *see Celotex*, 477 U.S. at 322-24; *see also Anderson*, 477 U.S. at 249-52.

### III. Discussion

#### A. Motion to Strike

In Defendant's Reply Brief, he included a motion asking the court to strike Ms. Chubb's arguments, facts, and evidentiary designations regarding whether she was subjectively offended and whether there exists a basis for employer liability because he did not raise those issues in his brief. Plaintiff responded that an employee must prove that the conduct was both subjectively and objectively offensive to show that Mr. Banks' conduct was severe or pervasive. In addition, Defendant asserts that Paragraph 24 is hearsay; Plaintiff responds that it is offered for its impact on Ms. Chubb, not its truth.

Because a Motion to Strike cannot be contained within a reply brief under Local Rule 7-1(a), the court will review Defendant's Motion to Strike as an objection to Plaintiff's material facts. The court overrules Defendant's hearsay objection to Paragraph 24 as it is not offered for the truth of the matter asserted. In addition, the court overrules the objection to any facts or evidence relating to Ms. Chubb's absenteeism because Defendant raises that issue. Although several facts are also relevant to the subjective component, the court will not consider those because Defendant only argues the objective

component. The court will presume, for the purposes of this Entry, that Ms. Chubb meets the subjective component and that there is a basis for employer liability.

### B. Summary Judgment Motion

To establish a claim of sexual harassment under Title VII, Plaintiff must show proof that: (1) her work environment was both objectively and subjectively offensive; (2) the harassment was based on her sex; (3) the conduct was either severe or pervasive; and (4) there is a basis for employer liability. *See Vance v. Ball State Univ.*, 646 F.3d 461, 469 (7th Cir. 2011). The Seventh Circuit has provided the following guidance to district courts in evaluating these types of claims:

> Drawing the line is not always easy. On one side lie sexual assaults; other physical contact, whether amorous or hostile, for which there is no consent express or implied; uninvited sexual solicitations; intimidating words or acts; obscene language or gestures; pornographic pictures. On the other side lies the occasional vulgar banter, tinged with sexual innuendo, of coarse or boorish workers.

*Baskerville v. Culligan Int'l Co.*, 50 F.3d 428, 430-31 (7th Cir. 1995) (finding no sexual harassment when there was "a handful of comments spread over months" and no physical touching).

The parties dispute only the third prong, which requires that the conduct be severe or pervasive; it does not require both. *See Turner v. The Saloon, Ltd.*, 595 F.3d 679, 686 (7th Cir. 2010). In determining whether the harassment objectively reaches this level, the courts look to "a constellation of factors that include the frequency of discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work

5

performance." *Id.* at 806-07. There is no magic number of incidents required to establish a hostile work environment, and the court will look to all of the circumstances. *See Boumehdi v. Plastag Holdings, LLC*, 489 F.3d 781, 789 (7th Cir. 2007); *see also Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993).

Defendant cites several cases, describing what some may categorize as more severe instances of sexual harassment, for the proposition that Mr. Banks' alleged conduct is not enough to constitute actionable sexual harassment. According to Defendant, Plaintiff has not alleged the requisite "sustained physical contact" to meet the third prong because this is a case of isolated physical contact and inappropriate comments. *See Kampier v. Emeritus Corp.*, 472 F.3d 930,941 (7th Cir. 2007). Plaintiff counters that the alleged harassment was both severe and pervasive because she was under constant verbal and physical assault from Mr. Banks.

In *Baskerville*, the Court placed nonconsensual physical contact on the side of the line constituting harassment. 50 F.3d at 430-31. However, "the mere existence of physical contact does not create a hostile environment." *Patton v. Keystone RV Co.*, 455 F.3d 812, 816 (7th Cir. 2006). Nevertheless, "when the physical contact surpasses what (if it were consensual) might be expected between friendly coworkers ... it becomes increasingly difficult to write the conduct off as a pedestrian annoyance." *Id.* Acts such as "a hand on the thigh, a kiss on the lips, a pinch of the buttocks – may be considered insufficiently abusive to be described as severe when they occur in isolation." *Id.* However, relatively minor touching when combined with other harassment might become sufficiently pervasive to support a hostile environment claim. *Hostetler v. Quality Dining, Inc.*, 218

6

F.3d 798, 808-09 (7th Cir. 2000) (defining "minor touching" as "a hand on the shoulder, a brief hug, or a peck on the cheek.").

The Seventh Circuit has also found harassment when no physical contact was alleged. In *Boumehdi*, the Court found summary judgment was inappropriate when the employer "made at least eighteen sexist or sexual comments in less than a year's time and that similar comments were made 'very often' and that the [employer's] conduct was pervasive enough to create a hostile work environment." 489 F.3d at 789. Examples of the comments from her supervisor included, but were not limited to: women did not belong in the pressroom, remain in a bending over position when she was working; to wear low cut blouses and shorter shorts; and that while she was pregnant, questioning if she had gotten a breast enlargement over the weekend. *See id.* at 786. Plaintiff urges the court to follow *Boumehdi*. Defendant argues that this case is distinguishable because it is based on sexist comments and adverse employment actions.[1]

The court must look at the whole picture. Contary to Defendant's position, Ms. Chubb does not allege that Mr. Banks' actions occurred in isolation, but rather the exact opposite. Ms. Chubb alleges that, out of the seventy-three (73) days she worked from the end of May to January, he inappropriately touched her four (4) times, he rubbed against her every time they worked together, and he made inappropriate comments to her every time they worked together. The four instances do not constitute "relatively minor touching" as defined in *Hostetler* and are not actions that if consensual can be expected

---

[1] This argument is not very compelling as the Court did not consider the adverse employment action when looking at the sexual harassment claim.

between friendly coworkers. *See Hostetler*, 218 F.3d at 808-09; *see also Patton*, 455 F.3d at 806. Friendly coworkers do not rub the legs of one another under a desk; they do not run their hands through the other's hair; and they do not feel the other's behind. Thus, the court cannot "write the conduct off." *Id.*

Even though the touching alone may not be enough to constitute actionable harassment, the Seventh Circuit has left open the possibility for sexual harassment claims when minor touching co-exists with other harassment. *See Hostetler*, 218 F.3d at 808-09. Here, several of the comments could reasonably be found to exist on the side of the line constituting harassment.[2] For example, Mr. Banks would ask Ms. Chubb every day that they worked together, from the time he began working until she finished working, "can you put some lip gloss on for me today?" "don't get too skinny on me;" and "how much you cost?" Like the supervisor in *Boumehdi*, Mr. Banks asked Ms. Chubb to alter her appearance to please his sexual desire, commented on her body, and showed disrespect toward women.[3] 489 F.3d at 789. Furthermore, Mr. Banks made these comments much more frequently than the supervisor in *Boumehdi*.

The court notes that the words alone in this case lay at the outer boundary of harassment. However, as the old adage says, actions speak louder than words. Mr.

---

[2] As a matter of law, certain comments such as "good morning beautiful" and "hi cutie" are not actionable under Title VII. These comments may be annoying but they are not vulgar comments, sexual solicitations, or threatening in nature. In sum, these comments do not transform the workplace into the hellish environment that Title VII is meant to prevent. *See Baskerville*, 50 F.3d at 430.

[3] A jury could reasonably interpret the act of placing twenty dollars in Ms. Chubb's back pocket and Mr. Bank's daily inquiry as to how much she cost is disrespectful to women as those acts taken together imply that Ms. Chubb could be bought or worse, that she is a prostitute.

8

Banks' actions combined with his daily use of inappropriate inquiries would allow a reasonable jury to find that Mr. Banks' conduct was severe or pervasive enough to constitute sexual harassment under Title VII.

### IV. Conclusion

Defendant fails to show that as a matter of law, the combination of Mr. Banks' verbal and physical actions do not constitute severe or pervasive sexual harassment. Although the court doubts that an actionable claim would exist based solely on the verbal acts or solely on the physical acts, the court must consider them together. As such, the court finds a jury could reasonably conclude Mr. Banks' conduct was pervasive enough or severe enough to create a hostile workplace. Therefore, Defendant's Motion for Summary Judgment (Docket # 301) is **DENIED**.

**SO ORDERED** this 30th day of December 2013.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.